IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| D. THOMAS PAGE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MARTY ALLEN,<br><br>　　　　Respondent. | CIVIL ACTION NO.: 6:20-cv-87 |

**O R D E R**

Petitioner D. Thomas Page ("Page") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as amended.  Docs. 1, 14.  For the reasons which follow, I **DISMISS without prejudice** Page's Amended Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Page *in forma pauperis* status on appeal and a Certificate of Appealability.  Additionally, I **DENY as moot** Page's Motions of False Imprisonment, for Leave to Proceed *in Forma Pauperis*, and for Injunction.  Docs. 3, 11, 12.[1]

**BACKGROUND**

Page filed a Petition for Writ of Habeas Corpus in the Middle District of Georgia on June 8, 2020.  Doc. 1.  That court construed Page's Petition as being a § 2254 petition and transferred the Petition to this Court.  Docs. 4, 5, 6.  Page filed a Motion for Leave to Proceed *in Forma Pauperis*, which the Court deferred ruling on, and directed Page to file an Amended Petition.  Doc. 13.  In that Order, the Court noted Page's Petition is entirely handwritten and Page asks this

---

[1]　Page consented to the undersigned conducting all proceedings in this matter.  Doc. 15.

Court to re-calculate a sentence imposed in Tattnall County, Georgia, on October 11, 2019. Id. (citing Doc. 1 at 1). In his original Petition, Page contended the judge stated numerous times this sentence was to be served concurrently with the sentence he was then serving, yet his parole date was changed from April 2020 to October 2022. Doc. 1 at 1–2. Page seeks a modification of his sentence. Id. On the face of his Petition, Page noted he has a state habeas application and a case in the Northern District of Georgia pending. Id. at 1. As it appeared from the face of Page's Petition he had not exhausted his state remedies, the Court directed him to file an Amended Petition and explain his efforts at exhaustion. Doc. 13 at 2–3. The Court warned Page his Petition would be subject to dismissal if he informed the Court he had not exhausted his state remedies prior to filing his Petition. Id. at 3. Page responded to this Court's Order, and his Amended Petition is now before the Court. Doc. 14.

## DISCUSSION

In his Amended Petition, Page states he is challenging a judgment of conviction obtained in Tattnall County, Georgia. Doc. 14 at 1. However, he also states he filed a motion to withdraw his guilty plea with the Tattnall County court on January 7, 2020, which was denied, and provides no indication he appealed any such ruling with any court other than this Court. Id. at 2, 3. In addition, Page notes he has raised the issues he attempts to raise here in a state habeas proceeding but is awaiting a ruling from the Tattnall County Superior Court on his state petition. Id. at 6; Doc. 1 at 1.

**I.      Whether Page Exhausted his State Remedies**

Page's Petition is subject to dismissal because he failed to exhaust his available state remedies prior to filing his Petition. Page states he has raised at least some of the same issues he raises here in a state habeas petition and is awaiting a ruling on that petition. Doc. 14 at 6. In

other words, Page has not provided information he "actually exhausted Georgia's collateral review process before filing this Petition," as directed. Doc. 13 at 3.

Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement he seek relief from the courts within his state of conviction. That requirement is as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate

exhaustion is futile prior to bringing a § 2254 petition requires the petition be dismissed.  See

Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds, as*

*recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true.  See 28 U.S.C. § 2254(b), (c).  First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim."  Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2).  The State may also explicitly waive the exhaustion requirement.  Hills, 441 F.3d at 1376.  Finally, a court should not require exhaustion if it has been shown "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Page has not shown this Court should entertain his federal petition.[2]  It appears from the face of his Amended Petition he has not exhausted his state remedies prior to the filing of his Petition.  In addition, there is no evidence corrective process in the State of Georgia is unavailable.  See O.C.G.A. § 9-14-40 *et seq.*(setting forth Georgia's general habeas

---

[2]    Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

proceedings). Page failed to exhaust his available state remedies prior to filing his Petition, and his Petition is **DISMISSED, without prejudice**.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court also denies Page leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Page has, of course, not yet filed a notice of appeal, it is appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of

Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Page's Amended Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court **DENIES** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Page *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **DISMISS without prejudice** Page's Amended Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Page *in forma pauperis* status on appeal and a Certificate of Appealability.

I **DENY as moot** Page's outstanding Motions.  Docs. 3, 11, 12.

**SO ORDERED**, this 22nd day of March, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA